**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GABRIEL ALEJANDRO LOYO BAPTISTA,

Petitioner,

v. No. 1:26-cv-03300-DHU-JMR

WARDEN, Torrance County Detention Facility, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. Having considered the parties' briefs, the record of the case, and the relevant law, the Court **GRANTS** the Petition.

This case is not the first of its kind. The Tenth Circuit Court of Appeals has already considered the statutory and constitutional issues raised by Petitioner in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). This Court has also addressed these issues in *Requejo Roman v. Castro*, 826 F. Supp. 3d 1267 (D.N.M. 2026). The Court incorporates by reference *Santillan Quiroz* and *Requejo Roman* in this case and finds that Petitioner is subject to 8 U.S.C. § 1226(a) and is, therefore, entitled to a bond hearing. The Court further finds that Respondents' misclassification of Petitioner and resultant denial of a bond hearing violates the Due Process Clause.

Federal district courts are vested with "the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (internal quotation marks and citation omitted). Federal district courts, therefore, possess the power and authority to dispose of habeas corpus matters "as law and

justice require." 28 U.S.C. § 2243. This includes the "power to grant *any form of relief necessary* to satisfy" the justice requirement. *Burton*, 975 F.2d at 693. Due to the length of Petitioner's detention without a bond hearing, the Court finds that the appropriate remedy in this case is Petitioner's immediate release. *Munaf v. Geren*, 553 U.S. 674, 693, 128 S.Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents immediately release Petitioner, specifically no later than **forty-eight (48) hours** on entry of this Order, and submit a status report no later than **three (3) days** from this Order confirming said release.

**IT IS FURTHER ORDERED** that Respondents shall return Petitioner's property in Respondents' custody no later than thirty (30) days of entry of this Order.

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE